# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-3462

_____

United States of America

*Plaintiff - Appellee*

v.

Fame Imari Cobbs, also known as Fred

*Defendant - Appellant*

_____

No. 25-3463

_____

United States of America

*Plaintiff - Appellee*

v.

Fame Imari Cobbs, also known as Fred

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Southern

_____

Submitted: July 28, 2026
Filed: July 31, 2026
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Fame Cobbs appeals the sentences the district court[1] imposed after he pleaded guilty to drug, money laundering, and assault offenses pursuant to written plea agreements containing appeal waivers. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentences and arguing the appeal waivers should not be enforced.

Upon careful review, we conclude that the appeal waivers are valid, applicable, and enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

appeal waivers.  Accordingly, we dismiss the appeals and grant counsel leave to withdraw.

_____